per curiam:
Plaintiffs petition alleges that (a) the Army and Air Force Exchange Service (Exchange Service) had a contract with Gino Moreno Enterprises (Enterprises) under which Enterprises was to render certain services (including barbering) at various military installations; (b) Enterprises employed plaintiff as a supervisory barber at Fort Leonard Wood, Missouri; (c) at the request of officials of the Exchange Service, Enterprises discharged plaintiff; (d) the same thing occurred later at Fort Leavenworth, Kansas, and again at Tinker Air Force Base, Texas; and (e) those discharges, at the instance of Exchange Service officials, were all unwarranted and illegal. This action was first commenced in the Western District of Missouri which transferred the case to this court. Defendant has moved to dismiss; plaintiff has not answered that motion and his time has expired. We agree with the government.
First, on plaintiffs own allegations, he himself had no contract with the Exchange Service. His employer, Enterprises, was an independent contractor, and his contractual *907 relationship was solely with Enterprises. His case cannot, therefore, fall within an Exchange Service’s contract suit allowable in this court under United States v. Hopkins, 427 U.S. 123 (1978). See Army and Air Force Exchange Service v. Sheehan, 456 U.S. 728 (1982).
Second, if plaintiff is alleging a right to recover money under the Tucker Act because of an alleged violation of the due process clause of the Fifth Amendment, he has chosen a tribunal which is without such jurisdiction because that constitutional provision does not mandate any compensation by the United States. Eastport S.S. Corp. v. United States, 178 Ct. Cl. 599, 372 F.2d 1002 (1967). Nor are we aware of any relevant statutes providing for compensation in these circumstances. To the extent the suit is for a tort, this court plainly has no jurisdiction. 28 U.S.C. § 1491.
Third, counts two and three, which seek relief from named federal employees, are obviously beyond the jurisdiction of this court which is restricted to suits against the United States.
Accordingly, without oral argument, defendant’s motion to dismiss is granted and the petition is dismissed, it is so ORDERED .